IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

THOMAS J. MOXLEY,            )
                             )
    Petitioner,              )
                             )
                             )    CIV-07-508-M
v.                           )
                             )
COMMANDANT, UNITED STATES    )
    DISCIPLINARY BARRACKS,   )
                             )
    Respondent.              )

REPORT AND RECOMMENDATION

Petitioner, a federal military prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has moved to dismiss the action on the ground that the Petition is moot. Although Petitioner has not responded, the time granted Petitioner for responding has expired, and consequently the matter is at issue. LCvR 7.2(e).[1] For the following reasons, it is recommended that the Motion be granted and the action be dismissed with prejudice.

---

[1] Petitioner was advised of the requirements of Local Civil Rule 7.2(e) in an Order entered June 6, 2007.

1

In 1986, Petitioner was convicted in a general court martial of the offenses of conspiracy to murder, conspiracy to commit robbery, premeditated murder, robbery, conspiracy to commit larceny, and theft. For these convictions, Petitioner was sentenced to life imprisonment in the United States Disciplinary Barracks at Fort Leavenworth, Kansas. Respondent's Response to Order and Motion to Dismiss ("Respondent's Motion"), Ex. 1, att. 1. In 1998, Petitioner was transferred to the custody of the United States Bureau of Prisons ("BOP") pursuant to 10 U.S.C. § 858(a). Petitioner is presently incarcerated at the Federal Correctional Institution located in El Reno, Oklahoma.

In this action, Petitioner asserts that regulations adopted by the United States Parole Commission ("USPC") entitle him to the sentence computation data provided to federal non-military prisoners, which includes the date on which he will have served two-thirds of his sentence. Respondent seeks the dismissal of the Petition on the ground of mootness. In support of Respondent's Motion, Respondent asserts that Petitioner's sentence computation records have been amended to include the date on which he will have served two-thirds of his sentence.

Title 10 U.S.C. § 858(a) authorizes the transfer of custody of a military prisoner to any federal correctional institution and expressly provides, in relevant part, that "[p]ersons so confined in a penal or correctional institution not under the control of one of the armed forces are subject to the same discipline and treatment as persons confined or committed by the courts of the United States ...." In interpreting this statute, courts have "consistently held that a military prisoner who is committed to the service of his sentence in a federal penitentiary

automatically becomes entitled to any advantages and subject to any disadvantages which accrue to the civilian prisoner." Stewart v. United States Board of Parole, 285 F.2d 421, 421-422 (10th Cir 1960)(internal quotation omitted). The statute's expression of equitable treatment for military prisoners transferred to federal non-military custody has been held to extend to federal parole provisions. See Koyce v. United States Board of Parole, 306 F.2d 759, 762 (D.C. Cir. 1962). In two unpublished decisions, the Tenth Circuit Court of Appeals has interpreted 10 U.S.C. § 858(a) in a similar manner. Hirsch v. Secretary of the Army, No. 98-1468, 1999 WL 110549 (10th Cir. Mar. 2, 1999); Roberts v. United States Dep't of the Navy, No. 91-6326, 1992 WL 75205 (10th Cir. 1992).

Respondent contends that the Petitioner's habeas action is moot because on May 30, 2007, after Respondent was directed to respond to the instant Petition, Petitioner's Sentence Monitoring Computation Data maintained by BOP was amended to include the date on which Petitioner will have served two-thirds of his sentence.[2] Respondent has provided documentary evidence in the form of a "Sentence Monitoring Computation Data as of 06-05-2007" for Petitioner which reflects that the two-thirds date of 02-03-2016. Respondent contends that because Petitioner has received the relief he requested in the instant action,

---

[2]Under 18 U.S.C. § 4206(d)(repealed), a federal prisoner will be released on mandatory parole unless the USPC "determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime." For an inmate serving a life sentence or sentence greater than 45 years, the mandatory parole date occurs after completion of two-thirds of the inmate's sentence or 30 years, whichever is earlier. 18 U.S.C. § 4206(d); 28 C.F.R. § 2.53(a).

there is no longer any actual controversy sufficient to invoke this Court's federal jurisdiction and the Petition is moot.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." McClendon v. Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996). "This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." Id. An exception to the mootness doctrine has been recognized where the case is "capable of repetition, yet evading review." Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911). However, this exception "is applicable only when there is 'a reasonable expectation that the same complaining party would be subjected to the same action again.'" Lane v. Williams, 455 U.S. 624, 634 (1982)(quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975), and Murphy v. Hunt, 455 U.S. 478, 482 (1982)). Respondent has now recognized that 18 U.S.C. § 4206(d) applies to Petitioner and that Petitioner is entitled to have a two-thirds date for mandatory parole included in his sentence computation record. The Petitioner has provided no evidence from which to infer that his sentence computation record would not contain this information in the future. Therefore, the case should be dismissed as moot.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 9) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED with prejudice as moot. The parties are advised of their

respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___July 30th___, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___9th___ day of ___July___, 2007.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE